UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM BRAY,

    Plaintiff,

    v.    CAUSE NO. 3:20-CV-1003-JD-MGG

LaPORTE COUNTY SHERIFF,

    Defendants.

## OPINION AND ORDER

Adam Bray, a prisoner without a lawyer, filed an amended complaint and seeks leave to proceed in forma pauperis. However, a prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Bray has three strikes:

    1. *Bray v. Friedman & Associates Law Offices*, 3:20-cv-249 (N.D. Ind. filed March 19, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on April 6, 2020;

    2. *Bray v. State of Indiana*, 3:20-cv-255 (N.D. Ind. filed March 20, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on April 6, 2020;

    3. *Bray v. State of Indiana*, 3:20-cv-855 (N.D. Ind. filed October 9, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on October 16, 2020.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Bray makes several allegations including that he is being served an inadequate quantity of food with soybean oil which gives him nausea and diarrhea. ECF 8. These allegations raise the possibility that he is in imminent danger of serious physical injury resulting from starvation and/or dehydration. Therefore, he has been granted leave to proceed in forma pauperis by separate order of the court.

His other allegations about being served cold food, increased prices for commissary items, the inability to obtain Halal or Kosher food, and soybean oil causing him to have bloating and feminine emotional responses do not implicate questions of imminent danger of serious physical injury. Neither do his claims for monetary compensation. Therefore, he may only proceed on a claim for injunctive relief related to being in imminent danger of serious physical injury resulting from malnutrition and/or dehydration as a result of being served inadequate quantities of food with soybean oil which give him nausea and diarrhea.

Bray names Ms. Jimerson and Tiger Correctional Services as defendants. However, the proper defendant for his injunctive relief claim is the LaPorte County

Sheriff in an official capacity. The Sheriff has both the authority and the responsibility to ensure that Bray receives constitutionally adequate food. *See* Indiana Code § 36-2-13-5(a)(7) ("The sheriff shall . . . take care of the county jail and the prisoners there . . ..").  Therefore, Ms. Jimerson and Tiger Correctional Services will be dismissed and the LaPorte County Sheriff will be added as a defendant.

For these reasons, the court:

(1) DIRECTS the clerk to add the LaPorte County Sheriff in an official capacity;

(2) GRANTS Adam Bray leave to proceed against the LaPorte County Sherriff in an official capacity on an injunctive relief claim to provide him with constitutionally adequate food which prevents him from suffering from malnutrition and/or dehydration as a result of being served inadequate quantities of food with soybean oil which causes him nausea and diarrhea;

(3) DISMISSES all other claims;

(4) DISMISSES Ms. Jimerson and Tiger Correctional Services;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the LaPorte County Sheriff at the LaPorte County Jail with a copy of this order and the amended complaint (ECF 8) as required by 28 U.S.C. § 1915(d);

(6) ORDERS the LaPorte County Sheriff to file an statement with affidavits, declarations, supporting documents, and/or medical records as necessary by **January 27, 2021**, explaining how the meals served to Adam Bray provide him with constitutionally adequate nutrition and hydration; and

(7) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), the LaPorte County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 30, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT