UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM BRAY,

    Plaintiff,

    v.       CAUSE NO. 3:20-CV-1003-JD-MGG

LaPORTE COUNTY SHERIFF,

    Defendant.

OPINION AND ORDER

Adam Bray, a prisoner without a lawyer, is prohibited from proceeding in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See* ECF 11. As a result, when he filed this case without pre-paying the filing fee, he was only granted leave to proceed "against the LaPorte County Sheriff in an official capacity on an injunctive relief claim to provide him with constitutionally adequate food which prevents him from suffering from malnutrition and/or dehydration as a result of being served inadequate quantities of food with soybean oil which causes him nausea and diarrhea . . .." ECF 11.

Because those allegations were found to allege he might be in imminent danger of serious physical injury, the Sheriff was ordered to respond. *Id*. In his affidavit, the Sheriff affirms under penalty of perjury that the meals provided to Bray "fully and safely accommodates Mr. Bray's stated concerns. There is nothing in any medical documentation to indicate that the Kosher meals provided to him at his request pose a threat to his health or safety." ECF 15-1 at 1-2. Attached to the affidavit is a message

from the Food Service District Manager explaining "[m]eals prepared at Laporte utilize a soy-based oil in minimum amounts for purpose of baking to insure products do not stick to baking pans as a protective layer. Other items with in [sic] the daily menu are cooked using a vegetable based unsalted margarine to assist with flavor, seasoning, and overall meal preparation." ECF 15-2 at 2. Another attachment shows Bray is served slightly more than 2800 calories per day. ECF 15-2 at 4.

In his reply, Bray does not dispute he is being served adequate food to prevent him from suffering from malnutrition and/or dehydration. Rather, he argues he is not being provided "proper Kosher meals." ECF 19. However, he was not granted leave to proceed on a Kosher meal claim because the absence of a proper Kosher meal does not place him in imminent danger of serious physical injury. In addition, he explains there is no medical record of his "gas/bloated problems" because the jail charges $15.00 for medical appointments and medications. ECF 19-1 at 1. So rather than see a doctor, he is taking Tums. ECF 19-1 at 2. Tums is an "antacid to relieve heartburn, acid indigestion, and upset stomach." U.S. National Library of Medicine, https://medlineplus.gov/druginfo/meds/a601032.html. Although the Constitution guarantees inmates receive constitutionally adequate medical care, it does not guarantee free medical care. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 n.7 (1983).

It is unclear whether Tums fully remedies his gas and bloating, but it is clear his condition is not so severe he is in imminent danger of serious physical injury – he has decided to treat it with Tums rather than see a doctor because he would be charged

2

$15.00. Bray was allowed to proceed with this case solely because the allegations in his complaint appeared to allege he might be in imminent danger of serious physical injury. His own filings now show he is not. Therefore his prohibited from proceeding with this case by 28 U.S.C. § 1915(g).

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on March 11, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT